**IN THE COURT OF APPEALS OF IOWA**

No. 13-1396
Filed July 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KRIS WARICK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Nancy S. Tabor,

Judge.


        Appeal from a conviction of conspiracy to manufacture methamphetamine.

**AFFIRMED.**


        Jack E. Dusthimer, Davenport, for appellant.

        Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney

General, Michael J. Walton, County Attorney, and Patrick McElyea, Assistant

County Attorney, for appellee.


        Considered by Danilson, C.J., and Potterfield and McDonald, JJ. Tabor,

J., takes no part.

**MCDONALD, J.**

Kris Warick appeals his conviction of conspiracy to manufacture a controlled substance, methamphetamine, in violation of Iowa Code section 124.401(1)(c)(6) (2011). Warick contends the district court erred in admitting into evidence over his objection a pseudoephedrine sales transaction report. He contends the report lacked foundation, it constituted inadmissible hearsay, and its admission violated his rights under the Confrontation Clause. We review the district court's decision regarding foundation for an abuse of discretion. *See State v. Musser*, 721 N.W.2d 734, 750 (Iowa 2006). We review rulings on hearsay objections for correction of errors at law. *See State v. Jordan*, 663 N.W.2d 877, 879 (Iowa 2003). Finally, we review constitutional claims de novo. *See State v. Newell*, 710 N.W.2d 6, 23 (Iowa 2006).

Federal law and state law require that retailers obtain, among other things, identification information and the signature of persons purchasing pseudoephedrine, which is the active ingredient used in the manufacture of methamphetamine. *See* 21 U.S.C. § 830; Iowa Code § 124.212A (requiring pharmacists to prepare electronic log to record transactions); Iowa Code § 124.212B (requiring creation of real-time electronic repository to control and monitor sales); Iowa Admin. Code r. 657-100.1 (establishing the pseudoephedrine tracking system). The information is maintained in an electronic repository accessible to certain identified persons, including law enforcement officers. The electronic repository used by the State of Iowa is the National Precursor Log Exchange (hereinafter "NPLEx"). At issue in this case is

a report prepared from information contained within the NPLEx electronic repository identifying thirteen sales transactions in which someone identifying themselves as Warick purchased pseudoephedrine from pharmacies and grocery stores.

We conclude Warrick's challenge to the foundation laid for the exhibit is without merit. "Whether the offering party has established a proper foundation is a matter committed to the sound discretion of the trial court; reversal is warranted only when there is a clear abuse of discretion." *Musser*, 721 N.W.2d at 750. Here, the foundation for the exhibit was established through the testimony of three witnesses and a business records affidavit. A pharmacist testified regarding the process and procedure by which a covered retailer obtained and recorded identification information and a signature at the point of sale and the process and procedure by which that information was placed into the electronic repository. A special agent from the Iowa Department of Public Safety, Division of Narcotics Enforcement, established NPLEx is the repository used by the State of Iowa and established the reliability of the data in the repository. The same agent also testified regarding the quantity of methamphetamine that could have been produced from the amount of pseudoephedrine shown to be purchased on the report. One of the investigating officers explained how he accessed the sales transaction information from the NPLEx repository and prepared the physical report. Finally, the records custodian for the company responsible for maintaining the sales transaction information in the electronic repository provided a business records affidavit. Based on the foregoing, the district court did not

clearly abuse its discretion in determining there was sufficient foundation to allow the exhibit. *See Embry v. State*, 989 N.E.2d 1260, 1265-66 (Ind. Ct. App. 2013) (finding certification by the pseudoephedrine purchase records custodian sufficient foundation); *see also Burris v. State*, No. 06-13-00039-CR, 2014 WL 576209, at *6 (Tex. Ct. App. Feb. 12, 2014) (finding an affidavit from pseudoephedrine purchase records custodian sufficient foundation).

Relatedly, we conclude the report at issue was not excludable as hearsay. "Records of regularly conducted activity" are not excluded by the hearsay rule. *See* Iowa R. Evid. 5.803(6). For evidence to be admissible under the business records exception to the hearsay rule, the State must show: (1) it is a business record; (2) it was made at or near the time of an act; (3) it was made by, or from information transmitted by, a person with knowledge; (4) it was kept in the course of a regularly conducted business activity; and (5) it was the regular practice of that business activity to make such a business record. *See* Iowa R. Evid. 5.803(6); *State v. Reynolds*, 746 N.W.2d 837, 841 (Iowa 2008). Business records include any "report, record, or data compilation, in any form." Iowa R. Evid. 5.803(6). As discussed above, the records custodian's affidavit, the pharmacist's testimony, the special agent's testimony, and the police officer's testimony established the records of the sale transactions are recorded at the point of sale, are made by and transmitted by persons with knowledge, and are kept in the regular course of business. Further, it is the regular practice of pharmacies and covered retailers to record such transactions. Indeed, as discussed above, federal law and state law require covered sales transaction be

recorded. We conclude the district court did not err in determining the pseudoephedrine purchase records fell within the business records exception to the hearsay rule.

We next address Warick's Confrontation Clause claim. A defendant has the right "to be confronted with the witnesses against him." U.S. Const. amend. VI; Iowa Const. art. I, § 10. Although Warick cites both the federal and state constitution, he makes no argument that Iowa's Constitution should be interpreted differently than the Federal Constitution. Consequently, we construe the provisions identically. *See State v. Shipley*, 757 N.W.2d 228, 234 (Iowa 2008). The Confrontation Clause is intended to protect against the principal evil of testimonial statements in the absence of the declarant. *See Crawford v. Washington*, 541 U.S. 36, 50 (2004). Thus, the first question presented is whether the statement is testimonial in nature; if the statement is not testimonial in nature, then the Confrontation Clause is not implicated. *See id.* In determining whether evidence is testimonial in nature, the relevant inquiry in this case is whether the evidence was the product of inquisitory investigation. *See Shipley*, 757 N.W.2d at 238; *see also State v. Kennedy*, 846 N.W.2d 517, 523-25 (Iowa 2014) (confirming certified abstracts of driving records were not testimonial).

The Iowa Supreme Court recently addressed a similar Confrontation Clause issue in *Kennedy*. There, the court held an abstract of the defendant's driving record and supporting business records affidavit were not testimonial in nature and were thus admissible without violating the defendant's right to

confrontation.  Like an abstract of a driving record, the NPLEx report in this case is not testimonial.  The pharmacy is required to create the records by federal and state law.  The records are created at the time of sale, not in anticipation of litigation.  The record is created by swiping the purchaser's identification card and capturing the purchaser's signature.  Thus, the repository contains only records of transactions and not the statements of the person making the sale.  The records are created prior to criminal investigation and prosecution.  The records would exist even if there were no subsequent criminal prosecution.  *Kennedy*, 846 N.W.2d at 523; *Shipley*, 757 N.W.2d at 238.  The pharmacists who create them are completely independent of any subsequent police investigation and have no vested interest in their creation.  Given the foregoing, we agree with the district court that the NPLEx report at issue was non-testimonial in nature and that its admission does not violate Warick's constitutional right of confrontation.  *See, e.g.*, *United States v. Towns*, 718 F.3d 404, 411 (5th Cir. 2013) (holding admission of pseudoephedrine purchase logs did not violate Confrontation Clause), *cert. denied*, 134 S. Ct. 307 (2013).

**AFFIRMED.**